IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

---

INDUSTRIAL COMMISSION OF ARIZONA LABOR DEPARTMENT,
*Petitioner*,

v.

THE INDUSTRIAL COMMISSION OF ARIZONA,
*Respondent*,

SOFRITA LLC,
*Respondent Employer*.

No. 1 CA-IC 21-0033
FILED 6-16-2022

---

Special Action - Industrial Commission
No.  CL-1819-0292
The Honorable Jonathan Hauer, Administrative Law Judge, *Retired*

**AFFIRMED**

---

COUNSEL

Industrial Commission of Arizona, Phoenix
By Scott J. Cooley
*Counsel for Petitioner*

Industrial Commission of Arizona, Phoenix
By Gaetano J. Testini
*Counsel for Respondent*

Schumacher Law Firm, Fountain Hills
By Douglas M. Schumacher
*Counsel for Respondent Employer*

---

**OPINION**

---

Presiding Judge David D. Weinzweig delivered the opinion of the Court, in which Judge Brian Y. Furuya and Judge Jennifer M. Perkins joined.

---

**W E I N Z W E I G**, Judge:

¶1 Arizona law forbids some businesses from hiring children for some work, designated as too hazardous by our legislature. At issue here is a child labor law that forbids "retail food [] establishment[s]" from hiring minors under the age of 16 to "work in, about, or in connection with [both] cooking and baking." *See* A.R.S. § 23-232(A)(8)(b). The Industrial Commission of Arizona, which enforces our child labor laws, presently interprets these words to forbid Arizona restaurants from hiring those children for any job that requires them to walk through a kitchen. An administrative law judge rejected that interpretation. So do we.

**FACTS AND PROCEDURAL BACKGROUND**

¶2 Sofrita is a family-owned Latin American restaurant in downtown Fountain Hills. In September 2018, an anonymous tipster advised the Industrial Commission that Sofrita hired children "under the age of 16 [to] work[] long hours with no breaks" for jobs requiring them to be "around [or] in the kitchen."

¶3 The Industrial Commission formally notified Sofrita of "possible violation[s] of state youth employment laws," and asked the owner for a list of restaurant employees, including their ages, dates of employment, type of work and shift schedules. The owner provided the information by email, revealing that the restaurant had three employees under 16 years old; each worked as a hostess near the front door, greeting the diners who entered.

¶4 Six months later, the Industrial Commission sent an investigator to visit Sofrita and interview its owner. Asked about the young hostesses, the owner insisted they had no hand in cooking, baking or food preparation. Asked how the young hostesses interacted with the kitchen, the owner said they occasionally (1) bussed tables, which required them to transport dirty dishes from the dining room to a busser's tub "just inside the kitchen entrance," away from the stoves or ovens, and (2) sometimes

had to enter the restaurant through a back door, mostly for big events, forcing them to walk through the kitchen to staff their workspace at the front. Based on that, the investigator informed the owner that Sofrita had broken Arizona law, advising the young hostesses "cannot be in the kitchen," "for any reason," "even if they are passing through to clock in," and "should not [] enter through the kitchen at all."

¶5 The investigator recommended that the Industrial Commission charge the restaurant with four state child labor violations; three under A.R.S. § 23-232(A)(8)(b) for "cooking and baking," and one under A.R.S. § 23-233(A)(3) for shift limits.

¶6 Accepting the recommendation, the Industrial Commission issued a cease-and-desist order to Sofrita, imposing the maximum $1,000 civil penalty. Of this amount, $800 was for "underage workers passing though the kitchen in close proximity to cooking and baking equipment," and $200 was "for not providing any timekeeping records to rule out a violation" of A.R.S. § 23-233(A)(3).

¶7 Sofrita requested a hearing. An administrative law judge heard the evidence and argument. The investigator testified. She offered her interpretation of the relevant statute, Section 23-232, and its phrase "in, about, or in connection with." The investigator described those words as "a very important part of all of our youth labor investigations." Asked what they meant, she answered "it means [that minors] may not . . . perform[] the duties that are related to prohibited occupations or equipment, but if [the minors] are in the area and around the equipment or the occupation, that still qualifies as a violation."

¶8 The ALJ rejected the Industrial Commission's interpretation and argument, holding that Section 23-232 did not regulate "casual encounters [between minors and] the kitchen space." The ALJ compared such sporadic contact to four exceptions listed in the statute: "soda fountains, lunch counters, snack bars, and cafeteria serving counters" where "cooking and baking activities presumably occur." The ALJ also found the Industrial Commission had an "inadequate factual basis" for the civil penalty. As a result, the ALJ modified the cease-and-desist order and vacated the civil penalty.

¶9 The Industrial Commission petitions for special action review. We have jurisdiction. *See* A.R.S. §§ 23-237(C), -951(A); *see also* Ariz. R. P. Spec. Act. 10.

**DISCUSSION**

¶10         The Commission insists this court "gives great weight" to the Commission's interpretation of state child labor laws because the Commission enforces them.  We disagree.  This argument sounds like *Chevron* deference, which died under Arizona law in 2018.  *See* A.R.S. § 12-910(F).  The legislature now directs that Arizona courts "shall" interpret all statutes and all agency rules "without deference to any previous determination that may have been made on the question by the agency."  A.R.S. § 12-910(F).

### A.    Relevant Statute

¶11         We interpret Arizona statutes de novo, seeking to determine and achieve the legislature's intent, which is most obvious from the statute's plain and unambiguous language.  *See Matter of ABB Tr.*, 251 Ariz. 313, 317–18, ¶¶ 18, 22 (App. 2021).

¶12         This appeal requires us to interpret Section 23-232, which forbids Arizona restaurants from hiring children under the age of sixteen to perform a list of hazardous activities.  *See* A.R.S. § 23-232.  The statute lists several "[p]rohibited employments for persons under the age of sixteen," and then catalogues the "activities" for which these children cannot be hired:

> [A] person shall not employ or allow a person under the age of sixteen years to work in, about or in connection with:
>
> 8. Any of the following activities in a retail food . . . establishment[, including] (b) *[c]ooking* and *baking*, except at soda fountains, lunch counters, snack bars or cafeteria serving counters.

*See* A.R.S. § 23-232 (A)(8)(b) (emphasis supplied).

¶13         The Commission urges that Section 23-232 prohibits food retailers from authorizing "underage" employees to "occasionally pass[] through the kitchen and plac[e] dishes into a tub at the bussers' station."  As support, the Commission maintains uninterrupted focus on five words in the statute: "in, about or in connection with."  But those words have no meaning unless tethered to the actual prohibited activities: "cooking and baking."  Indeed, Section 23-232(8)(b) never mentions the word "kitchen" or says that location is off limits, and instead focuses on two activities—cooking and baking.  And the legislature knows how to craft location-based

4

restrictions, which appear elsewhere in the same statute. *Compare* A.R.S. 23-232(9)(d) ("in a pen"), (9)(f) ("from a ladder"), (9)(g) ("on a tractor"), (9)(h) ("inside a fruit storage area"). Nothing in the statute supports the Commission's reading that employers must prevent minors from entering the kitchen to drop dishes in a busser's tub. *See Matter of ABB Tr.*, 251 Ariz. at 318, ¶ 25 ("[T]hat argument is not supported by the statute's plain language, and this court ordinarily resists reading words or requirements into a statute.").

¶14        Returning to the plain language, Section 23-232 prohibits retail food establishments from hiring children under 16 for "cooking and baking" activities. The legislature never defined "cooking" or "baking," so we use the "common meaning" of those words, *Ariz. Biltmore Hotel Villas Condos. Ass'n v. Conlon Grp. Ariz., LLC*, 249 Ariz. 326, 332, ¶ 26 (App. 2020). According to one popular dictionary, the word "cooking" means "to prepare food for eating by applying heat," and the word "baking" means "to cook food with dry heat, especially in an oven." *See* American Heritage Dictionary (5th ed. 2020). Properly defined, then, Section 23-232 prohibits Arizona restaurants from hiring children under 16 years old "to work in, about or in connection with" the heating of food, "especially in an oven." It does not forbid employees under 16 years old from walking in the kitchen.

¶15        That interpretation is confirmed by the statute's exceptions. *See Cal. Cas. Ins. Co. v. Am. Fam. Mut. Ins. Co.*, 208 Ariz. 416, 419–20, ¶ 11 (App. 2004) (declining to construe the "use in connection with" provision "so broadly that it would eliminate [the statute's] exclusion"). In particular, Section 23-232 carves out "soda fountains, lunch counters, snack bars or cafeteria serving counters," which presumably have kitchens, too. *See* A.R.S. § 23-232 (A)(8)(b).

¶16        Federal regulations also undermine the Commission's broad interpretation. Arizona modeled its child labor laws on their federal counterparts, the Fair Labor Standards Act (FLSA). *See* A.R.S. § 23-410(1) ("propos[ing] adoption of national consensus standards or federal standards" for employment conditions and occupational safety). The FLSA permits minors to do "kitchen work," including food preparation and cleaning of kitchen equipment, and even to "occasionally enter freezers to retrieve items." 29 C.F.R. § 570.34(i).

¶17        The centerpiece of the Commission's argument is a UCLA law review article, which it offers to "explain[] why broad language was used." By using passive voice, the Commission leaves unclear who used the

"broad language," but we assume it means the Arizona legislature. We are unmoved. The law review article never mentions the Arizona legislature or "cooking" and "baking," the words used by our legislature to delineate the restricted activities. *See* Bruce Goldstein et al., *Enforcing Fair Labor Standards in the Modern American Sweatshop: Rediscovering the Statutory Definition of Employment*, 46 UCLA L. Rev. 983 (1999) (discussing neither Arizona's child labor laws nor cooking and baking restrictions in general). We affirm the ALJ's interpretation and deny relief.

### B.    Civil Fine

¶18    The Commission next contends the ALJ erroneously vacated the $1,000 civil penalty imposed on Sofrita. We disagree. First, the record contains no evidence that Sofrita violated Section 23-232(8)(b). Second, the Commission has cited no authority to fine Sofrita for "not providing any timekeeping records to rule out a violation" of Section 23-233(A)(3). The legislature authorized civil penalties only when the Commission "has reasonable cause to believe that any person is violating" Section 23-233(A)(3), which does not address the timely production of time sheets upon demand. *See* A.R.S. § 23-236.

### CONCLUSION

¶19    We affirm the ALJ's order.



AMY M. WOOD • Clerk of the Court
FILED:    AA

6